UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN E. MAHONEY,<br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI[1], et al.,<br>    Defendants. | **CIVIL ACTION**<br>**No. 21-10992-MPK** |

MEMORANDUM AND ORDER

KELLEY, U.S.M.J.

    For the reasons set forth below, if plaintiff wishes to proceed with this action, he must (1) either file a motion for leave to proceed *in forma pauperis* or pay the filing fee, and (2) show cause why the complaint should not be dismissed or file an amended complaint.

I. BACKGROUND

    On June 14, 2021, Brian E. Mahoney ("Mahoney"), now in custody at FMC Butner in North Carolina, filed a *pro se* complaint against the Social Security Administration and Kilolo Kijakazi, Commissioner of the Social Security Administration. *See* Complaint ("Compl."), Docket No. 1. This action was assigned pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges. *See* Notice of Case Assignment, Docket No. 2.

    Through this action, Mahoney asserts claims of discrimination under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act of 1973, and Title VII of the Civil Rights Act of

---

[1] On July 9, 2021, Kilolo Kijakazi was appointed as Acting Commissioner of the Social Security Administration by President Biden. Under Federal Rule of Civil Procedure 25(d), she is automatically substituted as the defendant in this case.

1964 ("Title VII"). *See generally*, Compl. For relief, Mahoney seeks to have this court order Commissioner Kijakazi "to release all plaintiff's back 'SSDI' benefits [with interest and cost of current increase] for violation of plaintiff's right to his funds." *Id.* at p. 7. Aside from seeking damages for disability discrimination, it is unclear whether Mahoney seeks judicial review of a decision to suspend Mahoney's social security disability benefits while he is under an order of civil commitment.

Mahoney alleges that "[t]his case originally came before this court in *Mahoney v Colvin* [C.A. No. 15-13023-NMG] (D. Mass. 2015)." Compl., at ¶ 4. Mahoney alleges that the Social Security Administration suspended his disability benefits because he was "found incompetent to stand trial by a federal judge." *Id.* at ¶ 6. Mahoney contends that his "civil commitment is now illegal" and argues that "the district court in New Hampshire never had lawful jurisdiction on the grounds that a proper certification was not filed timely." *Id.* at ¶ 7.

Mahoney did not pay the file fee or seek leave to proceed *in forma pauperis*. *See* Docket.

## II. FILING FEE

A party filing a civil action must either pay a $350.00 filing fee and $52 administrative fee (collectively, "filing fee") or seek leave to proceed *in forma pauperis*. Litigants seeking to proceed *in forma pauperis* must submit an affidavit that includes a statement of all plaintiff's assets. *See* 28 U.S.C. § 1915(a)(1).

If Mahoney wishes to proceed with this action, he will be granted additional time either to (1) pay the $402.00 filing fee; or (2) file an application to proceed *in forma pauperis*.

## III. DISCUSSION

As discussed below, Mahoney's complaint raises several legal issues that must be addressed.

A. Venue

The term "venue" refers to "the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts." 28 U.S.C. § 1390(a). Federal trial courts are divided geographically into districts, and the venue statutes designate appropriate districts for each case. "In most instances, the purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183–84 (1979).

The general venue statute provides that a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under the Social Security Act, any individual seeking review of a final decision of the Commissioner of Social Security by a civil action shall bring an action "in the district court of the United States for the judicial district in which the plaintiff resides. . ." 42 U.S.C. § 405(g).

Here, it is unclear why Mahoney filed his complaint in the District of Massachusetts. Venue in the District of Massachusetts appears improper because Mahoney is in custody in the judicial district for the Eastern District of North Carolina.

B. Subject Matter Jurisdiction

Mahoney's complaint fails to establish that the court has subject matter jurisdiction over his claim for damages because such action is barred by the doctrine of sovereign immunity. The Supreme Court has "often explained that '[f]ederal courts are courts of limited jurisdiction.'" *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (quoting *Kokkonen v. Guardian*

*Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Consequently, a plaintiff who seeks to bring his suit in a federal forum bears the burden of establishing that the federal court has subject-matter jurisdiction. *See Gordo-González v. United States*, 873 F.3d 32, 35 (1st Cir. 2017). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The doctrine of sovereign immunity bars suits for money damages against the United States, its agencies, and federal officers sued in their official capacities, unless the government has explicitly waived its immunity. *See McCloskey v. Mueller*, 446 F.3d 262, 272 (1st Cir. 2006); *United States v. Mitchell*, 445 U.S. 535, 538 (1980). When a federal officer is sued in her official capacity, the lawsuit is to be treated as a suit against the government itself and is therefore subject to the doctrine of sovereign immunity. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Sovereign immunity is jurisdictional in nature, and the court therefore lacks subject-matter jurisdiction to entertain a suit against the United States without a waiver. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

Here, Mahoney sues a federal agency (the Social Security Administration) and a federal officer (Commissioner Kijakazi) in her official capacity for money damages. There is no indication in the complaint that Commissioner Kijakazi is being sued in her individual capacity. A limited waiver of sovereign immunity permitting review of the denial of social security disability benefits exists in 42 U.S.C. § 405(g). However, Mahoney does not allege, nor is it apparent, that he intends to challenge a final decision of the Commissioner of Social Security. Instead, he attempts to bring claims against the Commissioner and/or the Social Security Administration for damages. Mahoney has not demonstrated waiver of sovereign immunity relative to such a claim.

C.     *Res Judicata*

To the extent the claims asserted in the instant action have already been brought in Mahoney's 2015 action, the claims would be precluded by the earlier judgment. Claim preclusion, also known as *res judicata*, prevents the relitigation of claims that a party "had the opportunity and incentive to fully litigate . . . in an earlier action." *Giragosian v. Ryan*, 547 F.3d 59, 63 (1st Cir. 2008). In the instant action, Mahoney references *Mahoney v Colvin*, C.A. No. 15-13023-NMG (D. Mass. 2015) (adopting on April 12, 2017, Report and Recommendation to dismiss due process claim finding, in part, his request for hearing as untimely). To the extent the claims asserted in the instant action were already raised and decided, the claims are precluded by the earlier judgment.

D. Civil Commitment Challenge

To the extent Mahoney seeks to challenge his civil commitment, this court is without jurisdiction. A petition for discharge may be filed with the committing court. *See* 18 U.S.C. § 4247(h) ("[C]ounsel for the person or his legal guardian may . . . file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged . . ."). Pursuant to 28 U.S.C. § 2255(a), a prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

IV. ORDER

ACCORDINGLY, if plaintiff wishes to proceed with this action, he shall, within 35 days of the date of this Memorandum and Order, (1) either file a motion for leave to proceed *in forma pauperis* or pay the $402 filing fee; and (2) show cause why the is complaint should not be dismissed or file an amended complaint. Failure to do so may result in this dismissal of this action.

/s/ M. Page Kelley
M. Page Kelley
Chief United States Magistrate Judge

July 14, 2021